**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| JERITH MANUFACTURING CO., INC., | : | CIVIL ACTION NO. 15-6464 (MLC) |
| Plaintiff, | : | **MEMORANDUM OPINION** |
| v. | : | |
| ALL-STATE FENCE & ACTIVEYARDS LIMITED LIABILITY COMPANY, et al., | : | |
| Defendants. | : | |

**THIS IS AN ACTION** ("Current Federal Action") to recover damages due to the defendants' alleged failure to pay for fencing material supplied by the plaintiff.  (See dkt. 1.)  The Clerk of the Court entered default against the defendant Scott Skrable ("Skrable") on January 19, 2016.  (See dkt. entry after dkt. 10.)  See Fed.R.Civ.P. 55(a). On February 16, 2016, the Clerk of the Court entered default judgment against Skrable in the amount of $236,384.43.  (See dkt. 14.)  See Fed.R.Civ.P. 55(b)(1).

**SKRABLE** moved to set aside the entry of default and the entry of default judgment on March 16, 2016.  (See dkt. 16.)  See Fed.R.Civ.P. 55(c); see also Fed.R.Civ.P. 60(b).  The plaintiff opposes the motion, and Skrable has replied.  (See dkt. 18; dkt. 19.)  Upon a review of the papers, the Court will: (1) grant the motion; (2) set aside the default and the default judgment entered against Skrable; and (3) direct Skrable to separately file an answer by May 24, 2016.  See L.Civ.R. 78.1(b).[1]

---

[1] Skrable includes a draft answer in support of the motion.  (See dkt. 16-2 at 4–19.) Nonetheless, Skrable must separately file that answer.  See generally Fed.R.Civ.P. 12(a)(1)(A)(i).

**THE DECISION** whether to set aside an entry of a default and an entry of a default judgment is within the discretion of the Court.  See Farnese v. Bagnasco, 687 F.2d 761, 763–64 (3d Cir. 1982).  The entry of a default judgment is disfavored, and decisions on the merits are to be encouraged.  See id. at 764; see also Nationwide Mut. Ins. Co. v. Starlight Ballroom Dance Club, 175 Fed.Appx. 519, 521–22 (3d Cir. 2006).

**THE COURT** finds that the plaintiff will not be prejudiced if the default and the default judgment are set aside.  See Farnese, 687 F.2d at 764.  The plaintiff has not alleged that its ability to pursue the Current Federal Action will now be hampered.  (See generally dkt. 18.)  Furthermore, a review of the docket reveals that discovery has yet to be conducted.

**THE COURT** also finds that Skrable has presented a litigable defense in the Current Federal Action.  See Farnese, 687 F.2d at 764.  Skrable certifies that: (1) "the actions complained of are of the nature of business operations and that I, individually, should have no personal liability, under any circumstances for the same"; and (2) the "corporate veil" should not be pierced to hold him individually liable.  (Dkt. 16-1 at 3; dkt. 19 at 1.)

**THE COURT** also finds that the entry of default and the entry of default judgment were not caused by the culpable conduct of Skrable or his counsel, but were due to excusable neglect.  See Farnese, 687 F.2d at 764.  Skrable certifies that: (1) "unbeknownst to me, on or about November 25, 2015, the Complaint and Summons in this matter, were served upon my wife"; (2) "[a]ccording to my wife, at the time, she

2

forwarded the same to my brother, Co-Defendant, Michael Skrable, as the matter related to our former family business, . . . and he was in contact with the attorneys regarding the various litigations involving the business"; (3) "[i]t was assumed that he would arrange to have an Answer filed in this matter on behalf [of] myself, my brother and the company"; (4) his brother has now "filed . . . for personal bankruptcy protection, and the business was subject to an Assignment for the Benefit of Creditors Rights", and thus "no further action was taken on this lawsuit"; and (5) he only recently became aware of the entry of default judgment, which "prompted me to immediately seek counsel to address this matter". (Dkt. 16-1 at 1–2.) Skrable acted within one month of the entry of the default judgment against him. Therefore, the Court finds that Skrable's failure to appear in the Current Federal Action was neither willful nor in bad faith.

**THE COURT** is also hesitant to permit the default and the default judgment to remain in place due to the references in the papers to (1) a bankruptcy petition filed by the defendant Michael Skrable, and (2) a possibly related proceeding under the New Jersey Assignment for the Benefit of Creditors Act ("NJABC Proceeding"). The Court is concerned that the Current Federal Action is subject to an automatic bankruptcy stay. See 11 U.S.C. § 362.[2] The Court is also concerned that, in the alternative, the Current Federal Action should be stayed and administratively terminated pending the outcome of any

---

[2] See In re Michael Skrable, Bankr. D.N.J. No. 15-29567. The plaintiff in the Current Federal Action is listed as a creditor therein. See id., dkt. 10 at ECF p.5.

3

NJABC Proceeding.  See Abondolo v. Jerry WWHS Co., No. 11-2231, 2011 WL 6012504, at *5 (E.D.N.Y. Dec. 1, 2011) (stating, as to proceeding under equivalent New York law, "whether to impose a stay or dismiss a claim in favor of an assignment proceeding remains a matter of judicial discretion"); DiMaria v. Goor, No. 09-1011, 2010 WL 3923227, at *9–12 (E.D.N.Y. Sept. 30, 2010) (abstaining from adjudicating claims that were related to NJABC proceeding); cf. Westcon Grp. N. Am. v. Transtec, LLC, No. 12-7239, 2013 WL 3223381, at *3 (D.N.J. June 25, 2013) (suggesting imposition of a stay due to a related NJABC proceeding may not be appropriate).  The plaintiff **must** address these concerns if it chooses to proceed with the Current Federal Action.

**FOR GOOD CAUSE APPEARING**, the Court will issue an appropriate order: (1) granting the motion; (2) setting aside the default and the default judgment entered against Skrable; and (3) directing Skrable to separately file an answer by May 24, 2016.

        s/ Mary L. Cooper
        **MARY L. COOPER**
        United States District Judge

**Dated:**  May 3, 2016